# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 22-1307

QUINTEZ TALLEY,
Appellant

v.

KERI MOORE; PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN E. WETZEL; RHONDA HOUSE; SCOTT NICKELSON; TRAVIS NAPP;
PETER SAAVEDRA; SGT. LOUIS DOBISH; C/O ANDREW HIGINBOTHAM;
MHM; ROBERT MCSURDY; PA DEPT. OF GENERAL SERVICES

———————————————

On Appeal from the U.S. District Court, W.D. Pa.
Judge Cynthia R. Eddy, No. 2:21-cv-00298

Before: HARDIMAN, BOVE, AND FISHER, *Circuit Judges*
Argued: June 9, 2026; Filed: July 30, 2026

———————————————

NONPRECEDENTIAL OPINION*

BOVE, *Circuit Judge*.  Plaintiff Quintez Talley is an inmate at a Pennsylvania prison

and a prolific litigator.  This case relates to a fire that Plaintiff lit in his cell as part of an

alleged suicide attempt.  Plaintiff sued 10 Defendants associated with the Commonwealth,

as well as a psychologist and the psychologist's employer.  Aided by capable pro bono

amicus counsel,[1] Plaintiff appeals the District Court's orders denying his motion to proceed

———————————

* This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

[1] This Court thanks David Roth, Esq. and Tadhg Dooley, Esq. for their service in this appeal
as Court-appointed amicus curiae on behalf of the Plaintiff.  We also thank Elizabeth

in forma pauperis based on the three-strikes rule, and dismissing certain claims for failure to exhaust administrative remedies under the Prison Litigation Reform Act.

The Commonwealth Defendants correctly concede that the District Court must revisit the three-strikes analysis in light of intervening precedent. Plaintiff's exhaustion issue presents a very close call, but we hold that his grievance was sufficient to properly exhaust administrative remedies with respect to his claims based on the absence of a fire sprinkler in his cell. Exercising our gatekeeping function under the PLRA and our authority to affirm on any basis in the record, we also hold that Plaintiff failed to exhaust in other important respects relating to certain of the Defendants and certain of his non-sprinkler claims. Finally, applying statutory limitations, sovereign immunity, and applicable pleading standards to the properly exhausted claims, we hold that Plaintiff's Complaint does not pass muster against the remaining Commonwealth Defendants. Accordingly, we will vacate the District Court's three-strikes order and affirm in part its dismissal order. We will remand for further proceedings consistent with this opinion.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. Facts relevant to our disposition are described below. Unless otherwise noted, references to "Defendants" are to the 10 Commonwealth Defendants named in

Beling and Kamran King, student advocates from the Yale Law School Advanced Appellate Litigation Project, for their fine oral advocacy.

Plaintiff's Complaint.[2]

**A.**

Plaintiff's claims relate to an alleged suicide attempt on July 2, 2019. Plaintiff alleges that he informed a non-party correctional officer that he was contemplating suicide and "needed to speak" with non-Commonwealth Defendant Saavedra, a psychologist. JA75. The non-party correctional officer allegedly told Plaintiff that he would report the issue to Defendant Dobish. According to Plaintiff, Defendants Dobish and Higinbotham later approached his cell. Plaintiff alleges that he told Defendants Dobish and Higinbotham that he needed to speak with the prison's Psychiatric Review Team and that those Defendants agreed to tell the non-party Unit Manager.

Plaintiff alleged further that he subsequently set fire to items in his cell, inhaled smoke from the fire, and at some point vomited blood. According to the operative pleading, Plaintiff's cell lacked a fire sprinkler. Prison employees, including Defendants Dobish and Higinbotham, used a fire extinguisher to put out the fire. Plaintiff alleged that he was punished for the attempted suicide through, among other things, a misconduct citation that was promptly dismissed.

---

[2] Specifically, the 10 Commonwealth Defendants Plaintiff sued are: Pennsylvania Department of Corrections, Pennsylvania Department of General Services, Louis Dobish, Andrew Higinbotham, Rhonda House, Robert McSurdy, Keri Moore, Travis Napp, Scott Nickelson, and John Wetzel. The non-Commonwealth Defendants Plaintiff sued are Peter Saavedra and Saavedra's alleged employer, "MHM." JA42-43.

**B.**

Plaintiff filed a grievance at the prison pursuant to Pennsylvania Department of Corrections policy DC-ADM 804.  The grievance described the alleged suicide attempt and, as relevant here, complained of an alleged "ongoing refusal to equip" certain cells "with fire sprinkler systems."  JA150.  The prison rejected the sprinkler-related grievance on the basis that DC-ADM 804 required that "[g]rievances based upon different events must be presented separately."  JA151.  Plaintiff's administrative appeals were unsuccessful.

Plaintiff then filed claims in the District Court pursuant to the Americans With Disabilities Act, the Rehabilitation Act, 42 U.S.C. § 1983 based on alleged violations of the Eighth and Fourteenth Amendments, and Pennsylvania law based on alleged medical malpractice and negligence.  He sought compensatory and punitive damages, as well as injunctive relief relating to fire sprinklers.

The District Court denied most of Plaintiff's motion to proceed in forma pauperis pursuant to the three-strikes rule and Plaintiff's lengthy history of unsuccessful prison litigation.  Based on the rule's exception for "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the District Court permitted Plaintiff to proceed with claims "alleging inadequate policies and practices regarding fire safety."  JA8.  The District Court later granted summary judgment to Defendants on Plaintiff's sprinkler-related claims.  The court reasoned that Plaintiff failed to exhaust administrative remedies with respect to those claims.  Plaintiff timely appealed.

4

**II.**

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's order granting summary judgment de novo. *Massey v. Borough of Bergenfield*, 169 F.4th 188, 193 (3d Cir. 2026).[3]

**III.**

Based on an intervening decision relating to Plaintiff's litigation history, all agree that he was not a three-strikes litigant when he filed his claims. *See Talley v. Wetzel*, 15 F.4th 275, 285 (3d Cir. 2021). Thus, we will vacate the District Court's orders regarding Plaintiff's in forma pauperis status.

The real question here is the scope of the remand. Although we hold that Plaintiff exhausted administrative remedies for his sprinkler-related claims, we identify several other exhaustion deficiencies. Each of Plaintiff's properly exhausted claims against the remaining Defendants suffer from additional fatal flaws described below.

**A.**

With respect to the § 1997e(a) exhaustion requirement, we hold as follows:

1) Plaintiff properly exhausted his sprinkler-related claims, *i.e.*, claims based on an alleged failure "to place him in a cell protected with fire sprinklers." Br. 3.

2) Plaintiff did not properly exhaust any claims with respect to five Defendants—House, McSurdy, Moore, Napp, Nickelson—because he failed to name them in his grievance.

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

3) Plaintiff failed to properly exhaust all of the claims based on allegations relating to the misconduct citation he received following his alleged suicide attempt.

**1.**

The parties' exhaustion arguments regarding Plaintiff's sprinkler-related claims present exceedingly close questions. Prisoners must "complete the administrative review process in accordance with the prison's grievance policies." *Talley v. Clark*, 111 F.4th 255, 262-63 (3d Cir. 2024). Precedent obligates us to "require strict compliance by prison officials with their own policies." *Hardy v. Shaikh*, 959 F.3d 578, 586-87 (3d Cir. 2020). We conclude that Plaintiff did the bare minimum to open the courthouse door.

The policy at the heart of this appeal states that "[a]ny grievance based on separate events must be presented separately, unless it is necessary to combine the issues to support the claim." DC-ADM 804 § 1 A.14. The better reading of that language, as applied to this case, is that Plaintiff's grievance described several concerns that were "based on" a single "event," *id.*, which was his alleged suicide attempt on July 2, 2019. One of the concerns Plaintiff described in the grievance related to the lack of a fire sprinkler in his cell. He argued that his alleged injuries were a "direct result" of an "ongoing refusal" by Defendants Pennsylvania Department of Corrections, Pennsylvania Department of General Services, and Wetzel to "equip" cells in Plaintiff's unit "with fire sprinkler systems." JA150. Despite the fact that the grievance was littered with many other concerns and allegations, this language was sufficient—barely—to satisfy the exhaustion requirement.

Notably, however, Plaintiff's victory is narrow. The grievance was adequate for proper exhaustion because the "event" was Plaintiff's alleged suicide attempt. We reject

6

Plaintiff's arguments that the exhaustion process was unavailable to him. Also meritless is Plaintiff's alternative argument that a multi-event grievance was "necessary" under DC-ADM 804 to "support the claim." DC-ADM 804 § 1 A.14. The prison's handling of Plaintiff's grievance does not reflect a misapplication of that separate language. As one example among many, Plaintiff's presentation of the sprinkler-related claims was not necessary to grieve medical malpractice against Saavedra. The lack of necessity is further illustrated by the fact that amicus had no trouble bifurcating the case between sprinkler and non-sprinkler claims during briefing and at argument. Consequently, based on the record here, Plaintiff did not properly exhaust with respect to any claims based in any way on allegations of a broader "custom" or "practice," other "fire incidents," or "separate incidents in which Plaintiff employed fire." JA81-82.

**2.**

Plaintiff also failed to properly exhaust with respect to five Defendants. DC-ADM 804 includes a "mandatory" requirement that a grievance "identify specific persons" involved in the event at issue. *Spruill v. Gillis*, 372 F.3d 218, 234 (3d Cir. 2004); *see also* DC-ADM 804 § 1.A.11(b) ("The inmate shall identify individuals directly in the event(s)."). Of the 10 Commonwealth Defendants that Plaintiff named in his Complaint, he only described actions by five of them in the grievance: Pennsylvania Department of Corrections, Pennsylvania Department of General Services, Dobish, Higinbotham, and Wetzel. Because the relevant part of the record—Plaintiff's grievance—is before us and not subject to change or further development, it would be inconsistent with our judicial screening role under the Prison Litigation Reform Act to ignore this defect. Therefore, we

7

hold that Plaintiff did not properly exhaust administrative remedies with respect to any of his claims against Defendants House, McSurdy, Moore, Napp, and Nickelson.

**3.**

As to the remaining Defendants, Plaintiff failed to properly exhaust administrative remedies with respect to all claims based on his allegations relating to misuse of misconducts.

When Plaintiff raised the misconduct citation in his grievance pursuant to DC-ADM 804, the Facility Grievance Coordinator indicated that he had to pursue that issue pursuant to a different policy, DC-ADM 801. During Plaintiff's ensuing challenge of that decision, he informed the Facility Manager that "[a]nything regarding the misconduct issue" was not part of his appeal. JA153. Plaintiff explained that he planned to present his concerns about "the misconduct" and certain Defendants' alleged "willful blindness to this practice" in a manner "consistent with the DC-ADM 801 procedures." JA153. There is no suggestion in the record that he did so. Therefore, § 1997e(a) prevents Plaintiff from pursuing claims based on the misconduct citation.

Perhaps recognizing the problem, Plaintiff argued on appeal that DC-ADM 801 does not provide for the type of "procedures" Plaintiff referenced. Amicus is right that DC-ADM 801 does not provide for a direct appeal where, as here, the misconduct was dismissed because Plaintiff was found "not guilty." DC-ADM 801 § 5.A.2. But there is a separate process outlined in DC-ADM 801 for reviewing the prison's compliance with applicable procedures and facility regulations relating to misconduct citations. *See* DC-ADM 801 § 4.C.1. Therefore, Plaintiff did not properly exhaust administrative remedies

8

with respect to his claims regarding the misconduct citation.

## B.

Like District Courts, we have an obligation to screen inmates' frivolous or meritless claims. *See* 28 U.S.C. § 1915(e)(2)(B). It is also well-established that we may affirm on any basis in the record. *E.g.*, *Talley*, 111 F.4th at 266. Of course, we construe Plaintiff's filings liberally in light of his pro se status. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). But we also "apply the relevant legal principle even when the complaint has failed to name it," and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* Therefore, we are duty-bound to point out additional defects in Plaintiff's pleading relating to (1) his choice of parties, and (2) the legal insufficiency of his allegations.

## 1.

The problems with Plaintiff's selection of Defendants are rooted in statutory requirements and sovereign immunity.

Under § 1983, Defendants Pennsylvania Department of Corrections and Pennsylvania Department of General Services are not "persons." *See, e.g.*, *Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 956 n.2 (3d Cir. 2019). Thus, these agencies are not proper parties to any of Plaintiff's § 1983 claims.

Title II of the Americans With Disabilities Act and § 504 of the Rehabilitation Act do not provide for claims against individuals. *See Montanez v. Price*, 154 F.4th 127, 144-45 (3d Cir. 2025). So Plaintiff's disability claims against Defendant Wetzel, as well as the unexhausted claims against Defendants McSurdy and Napp, are not viable. Specifically,

9

any personal-capacity claims against these individuals have no statutory basis, and any official-capacity claims are "treated as if they are against the public entity or recipient of federal funds that employs the individual." *Id.* at 145 n.6. That leaves only Defendants Pennsylvania Department of Corrections and Department of General Services for purposes of Plaintiff's claims under the Americans With Disabilities Act and the Rehabilitation Act.

Sovereign immunity also bars all of Plaintiff's § 1983 claims for damages against the Commonwealth and Commonwealth employees acting in their official capacities. *See Durham v. Kelley*, 82 F.4th 217, 227-29 (3d Cir. 2023). This immunity applies to Defendants Pennsylvania Department of Corrections and Department of General Services and official-capacity claims against the remaining individual Defendants. To the extent Plaintiff sought to plead around sovereign immunity by seeking injunctive sprinkler-related relief for his official-capacity claims, those claims are moot based on Defendants' representation that Plaintiff has been transferred to a new facility. *See Williams v. Sec'y Pa. Dep't of Corr.*, 848 F.3d 549, 553 n.6 (3d Cir. 2017); *see also Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975).

## C.

After this legally mandated party pruning, the following federal claims remain based on Plaintiff's framing of the Complaint during this appeal: (1) sprinkler-related disability claims under the Americans With Disabilities Act and the Rehabilitation Act against Defendants Pennsylvania Department of Corrections and Pennsylvania Department of General Services; (2) sprinkler-related § 1983 claims alleging violations of the Eighth and Fourteenth Amendments against Defendants Dobish, Higinbotham, and Wetzel in their

personal capacities; (3) suicide-related § 1983 claims alleging violations of the Eighth Amendment against the same individual Defendants in their personal capacities. We take each in turn. All of them are defective as pleaded.

**1.**

Plaintiff did not plausibly allege causation for his sprinkler-related disability claims. *See* 29 U.S.C. § 794(a); 42 U.S.C. § 12132. His allegations fail to link the institutional decision not to equip cells with fire sprinklers to his disability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

Plaintiff's allegations do not support a reasonable-accommodation theory either. *See Montanez*, 154 F.4th at 144. This would be a different case if the prison had elected not to provide any fire-safety measures. It is clear from the Complaint, however, that prison employees deployed a "fire extinguisher [to] put out the fire" that Plaintiff chose to light in his cell using his personal effects. JA77. "[P]laintiffs are not entitled to their preferred accommodation." *Finley v. Huss*, 102 F.4th 789, 821 (6th Cir. 2024). Nothing in the Complaint plausibly explains the distinction Plaintiff would have us draw between sprinklers and fire extinguishers.

Finally, to pursue damages under these disability laws, Plaintiff had to plausibly allege that any "discrimination was 'intentional' in the sense that it was more than mere disparate impact." *Montanez*, 154 F.4th at 149. The Complaint is deficient in that respect too. As alleged, there was not a "failure to act despite . . . knowledge" on the part of any remaining Defendant. *Id.* At most, there was an alleged failure to act as Plaintiff would have preferred, which does not amount to disability discrimination under these statutes.

11

**2.**

The surviving sprinkler-related § 1983 claims against Defendants Dobish, Higinbotham, and Wetzel, in their personal capacities, fare no better. There are no allegations of personal involvement by Defendants Dobish or Higinbotham in the alleged decision not to install sprinklers. Plaintiff alleged that Defendant Wetzel was "personally provided with knowledge of the risk" arising from the lack of sprinklers "by way of the many grievances and lawsuits that Plaintiff has named [him] in." JA81. Those allegations are insufficient because "Wetzel's lack of any response or action . . . . does not demonstrate the personal direction or actual knowledge required" to state a claim. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Therefore, Plaintiff's Complaint does not adequately allege a constitutional violation relating to the absence of sprinklers by any remaining Defendants.

**3.**

The Complaint does not state a § 1983 claim for deliberate indifference to the alleged risk of suicide, under the Eighth Amendment, against Defendants Dobish, Higinbotham, and Wetzel in their personal capacities.

From a textual perspective, it is not obvious that the Eighth Amendment has any relevance. According to the Constitution's original public meaning, "the Eighth Amendment was about choices at sentencing." *DiFraia v. Ransom*, 171 F.4th 622, 627 (3d Cir. 2026). It "did not encompass a prisoner's injuries that bore no relation to his sentence, such as those from prison deprivations." *Id.* at 628. Binding precedent has "stretched" the Amendment's scope, but not without limits. *Id.* "[I]in the specific context of prison

12

medical care, it is not enough that a prisoner or another doctor would prefer a different approach than the one corrections officials took." *Id.* at 629.

Plaintiff made no allegations linking Defendant Wetzel to the medical treatment he received on July 2, 2019—at least none that were distinct from the sprinkler allegations that we have already addressed. As to Defendants Dobish and Higinbotham, Plaintiff acknowledged in the Complaint that they acted "pursuant to" Department of Corrections "policy" and agreed to notify the (non-party) Unit Manager that Plaintiff "was suicidal." JA78-77. Defendants Dobish and Higinbotham are also alleged to have been part of the team that responded to Plaintiff's fire "with a fire extinguisher and put out the fire." JA77. At most, Plaintiff suggested in the Complaint that these Defendants should not have left him alone or should have responded to the fire more quickly. But "[n]egligence, even gross negligence, is not enough" to plead an Eighth Amendment violation. *DiFraia*, 171 F.4th at 628; *see also Spruill*, 372 F.3d at 236. Accordingly, Plaintiff's allegations do not support a § 1983 claim based on a theory of deliberate indifference to the alleged risk of suicide.

**IV.**

Based on the foregoing, the two non-Commonwealth Defendants (Saavedra and MHM) are the only ones left in Complaint. Plaintiff has not served either of them. His allegations are also lacking in key respects. As to Defendant Saavedra, Plaintiff did not allege personal involvement in any of the sprinkler-related claims. That makes sense, as Saavedra is a psychologist. Plaintiff's remaining theories against Defendant Saavedra are his § 1983 deliberate-indifference claim and state-law "medical malpractice / negligence." JA85. "[D]ifferences in judgment between [Plaintiff] and these medical personnel about

13

appropriate medical treatment," and even "medical malpractice," are not "cognizable under the Eighth Amendment." *Montanez*, 154 F.4th 142. Should Plaintiff complete service and overcome all other potential procedural obstacles to proceeding against Defendant Saavedra, we will leave it to the District Court to address the sufficiency of Plaintiff's allegations based on this theory.

Finally, Plaintiff also named MHM, as Defendant Saavedra's "emplo[y]er," "under the doctrine of respondeat superior." JA86. That is not a viable theory. "Rather, like municipalities, private corporations under contract to provide prison health services are liable only if their policies or customs caused the constitutional violation." *Montanez*, 154 F.4th at 142. As noted above, Plaintiff did not properly exhaust administrative remedies with policy- or custom-based claims. It is also far from clear that Plaintiff's single reference to MHM in the grievance was sufficient for purposes of proper exhaustion. Similar to Defendant Saavedra, however, we will leave it to the District Court to address the sufficiency of Plaintiff's allegations against MHM if and when the appropriate time comes.

* * *

In sum, Plaintiff properly exhausted administrative remedies with respect to his sprinkler-related claims, but he did not exhaust in several other key respects. While some of Plaintiff's claims against the Commonwealth Defendants survive the exhaustion requirement, Plaintiff's allegations in support of those claims are fatally lacking. In addition to the lack of service, there are problems on the face of most of Plaintiff's claims against non-Commonwealth Defendants, Saavedra and MHM, too. We will remand the

14

case for proceedings consistent with this opinion, and we express no view on whether and to what extent leave to amend may be appropriate.

Chelsey N. Kelso **[Argued]**
Michael J. Scarinci
Office of Attorney General of Pennsylvania
*Counsel for Appellees*

Elizabeth Beling **[Argued]**
Kamran King     **[Argued]**
Yale Law School

Tadhg Dooley
David R. Roth
Wiggin & Dana
*Counsel for Court Appointed Amicus Curiae in Support of Appellant*